UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DEREK HOYTE and COLUMBIA CREST PARTNERS, LLC,

    Defendants.

CASE NO. C10-2044BHS

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

This matter comes before the Court on the United States of America's ("Government") motion to dismiss counterclaims (Dkt. 65). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 20, 2010, the Government filed a complaint against Defendants Derek Hoyte ("Hoyte") and Columbia Crest Partners, LLC, ("Columbia Crest") (collectively "Defendants"). Dkt. 1. The Government contends that (1) Defendants are violating the conditions of certain easements that have been placed on Defendants' property; (2) Defendants' conduct has injured adjoining land owned by the Government; and (3) Defendants have also misappropriated timber from the adjoining land. *Id*.

On September 14, 2011, the Court granted the Government leave to amend its complaint. Dkt. 54. On September 20, 2011, the Government filed an amended complaint adding a cause of action for violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*. Dkt. 55 ("FAC").

ORDER - 1

On November 11, 2011, Defendants answered and asserted counterclaims against the Government. Dkt. 63. On November 22, 2011, the Government filed a motion to dismiss the counterclaim. Dkt. 65. On December 12, 2011, Defendants responded. Dkt. 68. On December 16, 2011, the Government replied. Dkt. 71. On January 18, 2012, Defendants filed a supplemental response. Dkt. 74. On January 25, 2012, the Government responded to the supplemental brief. Dkt. 75.

## II.  FACTUAL BACKGROUND

This matter arises out of the Government's allegations that Defendants are misusing property within the confines of the Columbia River Gorge National Scenic Area, 16 U.S.C. § 544-544p ("Gorge Act"), specifically a portion designated as a "Special Management Area." *See,* FAC, ¶ 4. The parcel of property primarily at issue is located at 22962 State Highway 14, Washougal, Washington (the "Property"). *Id*. Defendants own the Property, which is itself subject to a conservation easement held by the Government. *Id*.

In 1995, the Grams (owners of the subject Property prior to conveyance to the Defendants) entered into a Conservation Easement Deed ("Conservation Easement") with the Government whereby they conveyed to the Government an interest in the land which granted a perpetual easement running with the land. *Id*. ¶ 7. This easement is subject to and contains specific limitations on the uses to which the Property could be put thereafter. *Id*. The conveyance included, among others, the following provisions:

> a. record title;
> b. the right to use the property in ways that were consistent with current or past agricultural uses;
> c. the right to use and maintain in the same location and of the same dimensions all existing structures relating to current agricultural uses;
> d. the right to use and maintain the existing roads across the property; and
> e. the right to gather and cut naturally dead and down timber for firewood and domestic uses and to eliminate direct safety hazards to existing structures.
>                                          ***

   Pursuant to Part III(A) of the Conservation Easement Deed, it was established as a "general purpose" of the easement to preserve and maintain the regular uses of the property as they existed at the time the easement was placed on the property.
   Pursuant to Part III(D) of the Conservation Easement Deed, public use and entry was not to be permitted on the property.
   Pursuant to Part III(H) of the Conservation Easement Deed, all rights, title and interests in the property not expressly and specifically reserved by the grantor were deemed to be acquired by the United States, and all uses of the Property not specifically reserved in the Conservation Easement Deed "shall be deemed prohibited."
   Pursuant to III(I) The Grantor and the United States agree that any ambiguities regarding the terms and conditions of this easement shall be resolved in a manner which best effects the overall conservation and public purpose of Public Law 99-663.
   The rights conveyed to the United States under the Conservation Easement Deed run with the land and constitute a perpetual servitude on the Property.

FAC ¶¶ 9-13.

Defendants contend that, under Part III, they reserve the right to propose additional activities on the Property:

   For any activity by the grantor which requires prior approval by the United States, acting by and through the Forest Service, such approval will be at the sole discretion of the authorized Forest Service official and such approval shall not be unreasonably withheld.
   In general, approval will be determined on the basis of whether the proposed activity or improvement is compatible with the conservation of the scenic, cultural, recreational, and natural resources of the Columbia River Gorge National Scenic Area. In making such a determination, the Forest Service shall utilize the same standards of compatibility as are applied to activities on private lands elsewhere within the Special Management Areas of the Columbia River Gorge National Scenic Area. Any activity determined to be incompatible shall be prohibited and shall be construed as a right having been acquired by the United States pursuant to this instrument.

Dkt. 56, ¶ 97. Pursuant to Part II, Defendants seek approval to use their Property as follows:

   1. Remove dead and dying timber, brush, or other such products, such as woody debris, pinecones, limbs, and to conduct other activities to preserve and protect the fields, trees and other natural resources;
   2. Create and maintain trails or foot paths to allow the Defendants to use and maintain the property, as well as to provide access to the various areas of the property; and

ORDER - 3

       3.    Cultivate the property for agricultural purposes, including onsite commercial agriculture uses (e.g. u-pick farms).

*Id*. ¶ 98.

Defendants have also proposed new activities, including "for-profit activity," on the Property under Part IIIB that may or may not be allowed outright under Part II. In particular, the Defendants have sought to do the following:

    1.    Install and operate "zip lines" to provide recreational opportunities within the Gorge and to provide access along and through the property;
    2.    Operate a u-pick farm and/or a vineyard on those areas of the property that had been regularly used for over 100 years, which would include customers being able to pick berries, pine cones, and other agricultural products;
    3.    Construct a cable foot bridge to provide an approved creek crossing over Wing Creek; and
    4.    Conduct for-profit forest or agriculture activities, such as berry picking, mushroom harvesting, or other u-pick activities.

*Id*. ¶ 101.

Defendants allege that the "Forest Service is . . . in violation of the Conservation Easement, the Gorge Act, and the Management Plan because it has unreasonably withheld its consent to the Defendants' proposed activities." *Id*. ¶ 103. Defendants assert five requests for relief, two of which are relevant to the instant motion: (1) "For an adjudication of the Defendants and the Forest Service's rights and obligations under the Conservation Easement under 28 U.S.C. § 2409a," and (2) "For a determination that the Forest Service has, by not properly considering the Defendants' activities, or proposed activities, has breached its legal obligations under the Conservation Easement and the Gorge Act." *Id*. at 16.

### III. DISCUSSION

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) can be either a facial or factual attack on the allegations. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack occurs when the moving

party asserts that the allegations contained in the complaint are "insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a factual attack, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

In this case, the Government presents a facial attack on Defendants' counterclaim by arguing that Defendants have failed to invoke federal jurisdiction. Dkt. 65 at 1. Defendants counter that jurisdiction exists under either the federal Quiet Title Act, 28 U.S.C. § 2409a, *et seq.*, and/or the George Act.

**A.     Quiet Title Act**

The Quiet Title Act provides that the "United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . . ." 28 U.S.C. § 2409a(a).  A action under the Quiet Title Act is "barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g).  The Quiet Title Act's statute of limitations is jurisdictional, *Grosz v. Andrus*, 556 F.2d 972, 975 (9th Cir. 1977), and Courts must strictly construe it in favor of the Government, *State of California v. Yuba Goldfields, Inc.*, 752 F.2d 393, 396 (9th Cir. 1985).

The "action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g).  The phrase "should have known" imparts a test of reasonableness. *Yuba*, 752 F.2d at 396.  However, the appropriate "question is whether the United States' actions would have alerted a reasonable landowner that the government claimed an interest in the land." *Shultz v. Dept. of Army, U.S.*, 886 F.2d 1157, 1160 (9th Cir.1989). All that is necessary to trigger the statute of limitations "is a reasonable awareness that the Government claims some interest adverse to the plaintiff's." *Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 738 (8th Cir. 2001) (internal quotations omitted).

ORDER - 5

In this case, the Government argues that Defendants and their predecessors, the Grams, were reasonably aware of the Government's interest in the Property when the Conservative Easement was recorded in 1995. Dkt. 65 at 23-24. Defendants counter that the limitations period begins to run when the Government's claim is "adverse to a claim asserted by [Defendants] or [their] predecessors." Dkt. 68 at 16. Defendants conclude that the limitations period did not begin until Hoyte "was first notified by the Forest Service that his uses were not permitted as outright uses under Part II, or were not going to be allowed as reviewed uses under Part III." *Id*. While Defendants make a colorable argument, the Court is bound to construe the Quiet Title Act more narrowly than Defendants' propose. After review of the applicable case law and under the precedent cited above, there is no requirement that the Government's interest be "adverse" in the sense that the interests are contested by either Defendants or their predecessors. Pursuant to a strict construction of "adverse," a party must only be reasonably alerted that the Government "claimed an interest in the land." *Shultz*, 886 F.2d at 1160. The recording of the Conservative Easement provided a reasonable alert that the Government acquired rights to the Property, and the easement was recorded more than twelve years before this action was filed. Therefore, the Court grants the Government's motion on Defendants claims under the Quiet Title Act because the claims are time-barred.

**B.   Gorge Act**

The stated purposes of the Gorge Act are (1) "to establish a national scenic area to protect and provide for the enhancement of the scenic, cultural, recreational, and natural resources of the Columbia River Gorge," and (2) "to protect and support the economy of the Columbia River Gorge area by encouraging growth to occur in existing urban areas and by allowing future economic development in a manner that is consistent with" the first purpose. 16 U.S.C. § 544a. The act allows two types of citizen suits to compel compliance with its provisions, and a citizen may file a suit:

    (A) against the Secretary, the Commission or any county where there is alleged a violation of the provisions of sections 544 to 544p of this title, the management plan or any land use ordinance or interim guideline adopted or other action taken by the Secretary, the Commission, or any county pursuant to or Commission [FN1] under sections 544 to 544p of this title; or
    (B) against the Secretary, the Commission, or any county where there is alleged a failure of the Secretary, the Commission or any county to perform any act or duty under sections 544 to 544p of this title which is not discretionary with the Secretary, the Commission or any county.

16 U.S.C. § 544m(b)(2). However, "[n]o action may be commenced" unless appropriate notice has been given. *Id*. § 544m(b)(3).

In this case, Defendants have failed to allege that they have complied with the specific notice provisions set forth in the Gorge Act. *See* Dkt. 63. Moreover, they have failed to direct the Court's attention to any document that they have submitted to show that proper notice was given. Instead, Defendants rely on attorney argument regarding the continued dispute between Defendants and the Forest Service and conclude their argument with the question of "[w]hat better notice could have been provided than was provided in this case?" Dkt. 68 at 17-22. The answer to Defendants' question is outlined in the George Act at 16 U.S.C. § 544m(b)(3). Failure to comply with the notice provision precludes any citizen suit. Therefore, the Court grants the Government's motion on Defendants' claims under the Gorge Act for failure to provide notice.

**C. Special Use Permit**

Defendants allege that they "have a right, to the extent that their uses or proposed uses are not allowed under the Conservation Easement, to request a special permit under 16 U.S.C. § 497." Dkt. 63, ¶ 108. Defendants claim that the Government has "flat out refused to process the Defendants' Special Use Permit and will continue to do so absent an order by this Court." *Id*. ¶ 109. The fatal flaw with Defendants' allegations is that they have never applied for a Special Use Permit. *See* Dkt. 41-1, Declaration of Pam

Campbell, ¶ 2. Defendants' allegations and claim are wholly without merit. Therefore, the Court grants the Government's motion on Defendants' claim under 16 U.S.C. § 497.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that the Governments' motion to dismiss counterclaims (Dkt. 65) is **GRANTED**.  Defendants' claim under the Quiet Title Act is **DISMISSED with prejudice**.  Defendants' other claims are **DISMISSED without prejudice** because the deficiencies set forth above may be subsequently cured.

DATED this 7th day of March, 2012.

_____
BENJAMIN H. SETTLE
United States District Judge