UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DEREK HOYTE and COLUMBIA CREST PARTNERS, LLC,<br><br>    Defendants. | CASE NO. C10-2044BHS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on the Defendants Derek Hoyte ("Hoyte") and Columbia Crest Partners, LLC's ("Columbia Crest") (collectively "Defendants") motion for reconsideration of the Court's order dismissing their counterclaims (Dkt. 81). The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 20, 2010, the United States ("Government") filed a complaint against Defendants. Dkt. 1. The Government contends that (1) Defendants are violating the conditions of certain easements that have been placed on Defendants' property; (2) Defendants' conduct has injured adjoining land owned by the Government; and (3) Defendants have also misappropriated timber from the adjoining land. *Id*.

On September 14, 2011, the Court granted the Government leave to amend its complaint. Dkt. 54. On September 20, 2011, the Government filed an amended complaint adding a cause of action for violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq*. Dkt. 55 ("FAC").

On November 11, 2011, Defendants answered and asserted counterclaims against the Government. Dkt. 63. On November 22, 2011, the Government filed a motion to dismiss the counterclaim. Dkt. 65. On March 7, 2012, the Court granted the Government's motion. Dkt. 80. On March 21, 2012, Defendants filed a motion for reconsideration.

## II. FACTUAL BACKGROUND

A full recitation of the facts is set forth in the Court's previous order. However, the facts relevant to the instant motion are as follows: (1) the Government entered into a Conservation Easement with the previous owner of Defendants' property; (2) the Conservation Easement was recorded more than 12 years before this action was filed; and (3) Defendants allege that the Government is presently attempting to "interpret" the easement in its favor to restrict property rights that were granted to Defendants in the Conservation Easement.

## III. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1). In this case, Defendants move for reconsideration arguing that the Court committed manifest error in ruling that the statute of limitations under the Quiet Title Act began when the Conservation Easement was recorded. Dkt. 81 at 1–2. Defendants argue that the statute of limitations should have begun when the Government made the affirmative act of interpreting the Conservation Easement to restrict Defendants' property rights. *Id*. While it may seem unfair, the Court disagrees with Defendants

because the Court is bound to strictly construe the applicable case law as set forth in the Court's previous order.

The Quiet Title Act provides that the "United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . . ." 28 U.S.C. § 2409a(a). An action under the Quiet Title Act is "barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). The Quiet Title Act's statute of limitations is jurisdictional, *Grosz v. Andrus*, 556 F.2d 972, 975 (9th Cir. 1977), and Courts must strictly construe it in favor of the Government, *State of California v. Yuba Goldfields, Inc.*, 752 F.2d 393, 396 (9th Cir. 1985).

The "action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g). The phrase "should have known" imparts a test of reasonableness. *Yuba*, 752 F.2d at 396. However, the appropriate "question is whether the United States' actions would have alerted a reasonable landowner that the government claimed an interest in the land." *Shultz v. Dept. of Army, U.S.*, 886 F.2d 1157, 1160 (9th Cir.1989). All that is necessary to trigger the statute of limitations "is a reasonable awareness that the Government claims some interest adverse to the plaintiff's." *Spirit Lake Tribe v. North Dakota*, 262 F.3d 732, 738 (8th Cir. 2001) (internal quotations omitted).

In this case, Defendants argue that the "reasonableness" test set forth in *Yuba* should be applied so that a quiet title action "accrues" when a disagreement arises over the interpretation of property rights that were granted in the Conservative Easement. Dkt. 81 at 2-3. Otherwise, Defendants argue, an owner would "have no way to challenge the Government's arbitrary expansion of its rights under the Conservation Easement." *Id.* at 3. The Court disagrees with Defendants' view of the Quiet Title Act and concludes that the act grants jurisdiction for actions regarding disagreements as to the fact that the

Government claims an interest in property. The Quiet Title Act does not grant jurisdiction for this Court to interpret the contractual rights granted to each party in the Conservation Easement. On that basis, the Court must dismiss Defendants' counterclaim because an individual would have a reasonable awareness that the Government claimed an interest in Defendants' land when the Conservation Easement was recorded more than 12 years ago. Therefore, the Court denies Defendants' motion for reconsideration.

The Court notes that Defendants are currently subject to a preliminary injunction, and it appears that there would be little, if any, prejudice to the Government if the Quiet Title Act issue was appealed under 28 U.S.C. § 1292(b). Without briefing on the issue, it also appears that determination of this issue "may materially advance the ultimate termination of the litigation . . . ." *Id.*

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Defendants' motion for reconsideration of the Court's order dismissing their counterclaims (Dkt. 81) is **DENIED**.

DATED this 22nd day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge