1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

DEREK HOYTE and COLUMBIA
CREST PARTNERS, LLC,

                Defendants.

CASE NO. C10-2044 BHS

ORDER DENYING MOTION TO
CERTIFY

This matter comes before the Court on Defendants Derek Hoyte and Columbia

Crest Partners, LLC's ("Defendants") motion to certify (Dkt. 83).  The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 20, 2010, the United States ("Government") filed a complaint

against Defendants.  Dkt. 1.  The Government contends that (1) Defendants are violating

the conditions of certain easements that have been placed on Defendants' property; (2)

1 | Defendants' conduct has injured adjoining land owned by the Government; and (3)

2 | Defendants have also misappropriated timber from the adjoining land. *Id*.

3 |     On September 14, 2011, the Court granted the Government leave to amend its

4 | complaint. Dkt. 54. On September 20, 2011, the Government filed an amended

5 | complaint adding a cause of action for violations of the Clean Water Act, 33 U.S.C. §

6 | 1251, *et seq*. Dkt. 55 ("FAC").

7 |     On November 11, 2011, Defendants answered and asserted counterclaims against

8 | the Government. Dkt. 63. On November 22, 2011, the Government filed a motion to

9 | dismiss the counterclaims. Dkt. 65. On March 7, 2012, the Court granted the

10 | Government's motion. Dkt. 80. On March 21, 2012, Defendants filed a motion for

11 | reconsideration as to their Quiet Title Act counterclaim. Dkt. 81. On March 22, 2012,

12 | the Court denied the motion for reconsideration and mentioned that the issue could

13 | possibly be certified for interlocutory appeal. Dkt. 81.

14 |     On March 30, 2012, Defendants filed a motion to certify the Quiet Title Act issue

15 | and stay the proceedings. Dkt. 83. On April 16, 2012, the Government responded. Dkt.

16 | 86. On April 20, 2012, Defendants replied. Dkt. 87.

17 | **II. DISCUSSION**

18 |     A district court may certify an issue for immediate appeal if the court is of the

19 | opinion that the issue "involves a controlling question of law as to which there is

20 | substantial ground for difference of opinion and that an immediate appeal [of the issue]

21 | may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. §

22 | 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments

1  are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan,*

2  *Inc.*, 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002).   The legislative history of § 1292 suggests

3  that it ought to be used "only in exceptional situations in which allowing an interlocutory

4  appeal would avoid protracted and expensive litigation." *See In re Cement Antitrust*

5  *Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

6       In this case, the issue before the Court is Defendants' Quiet Title Act

7  counterclaim.  Initially, the Court concluded that the twelve-year statute of limitations

8  began to run when the Conservative Easement was recorded.  Dkt. 80 at 5-6.  Defendants

9  filed a motion for reconsideration arguing that some Ninth Circuit case law stood for the

10  proposition that the statute of limitations presents a question that "imparts a test of

11  reasonableness" and begins to run when the Government takes a position adverse to a

12  party that also has rights to the property.  Dkt. 81 at 2-4.  The Court disagreed with

13  Defendants.  Dkt. 82.  Now, after invitation from the Court, Defendants move to certify

14  the issue for appeal.  Dkt. 83.  The Ninth Circuit, however, has explicitly stated that

15       It is well-established that interlocutory appeals are not available to address
         statute of limitations issues because a statute of limitations does not give
16       rise to a right not to stand trial, but rather creates a safeguard against unfair
         verdicts from delinquent suits.

17  *Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1111 (9th Cir. 2002).

18  Although the Court could deny Defendants' motion solely on the basis of this precedent,

19  the Court will briefly address the elements of a § 1292(b) issue.

20

21

22

**A.     Controlling Question of Law**

An order is "controlling" if its resolution on appeal could "materially affect the outcome of the litigation in district court." *In re Cement Antitrust Litigation*, 673 F.2d at 1026.

In this case, the Government is required to prove that Defendants have violated the terms of the Conservative Easement.  Defendants' counterclaim sought a final judgment as to each party's rights.  The Court finds that the determination of Defendants' ultimate rights under the Conservative Easement does not materially affect a determination of whether Defendants' current activities violate provisions of the Conservative Easement. The latter property rights are a subset of the former.  Therefore, Defendants have failed to show that the issue before the Court is a controlling question of law.

**B.     Substantial Ground for Difference of Opinion**

Although Defendants cite numerous cases with materially different fact patterns, the Court is not persuaded that there is a substantial ground for a difference of opinion whether an individual "knew or should have known of the claim of the United States" once an easement was recorded.  The interpretation of the easement should have most likely been addressed during the real estate transaction instead of in the defense of an enforcement action.  Therefore, Defendants have failed to meet their burden on this element.

**C.     Termination of Litigation**

Contrary to its earlier statement, the Court finds that resolution of this issue will not advance the termination of this litigation.  As previously stated, the Government's

1  allegations concern only a subset of the entirety of Defendants' rights under the

2  easement.  Even if the appeal was granted and the Court was reversed, the Court would

3  then be tasked with determining all of Defendants' property rights.  The additional task

4  would not expedite the termination of this enforcement action.  Therefore, Defendants

5  have failed to meet their burden on this element as well, and the Court denies their

6  motion.

7  **III. ORDER**

8  Therefore, it is hereby **ORDERED** that Defendants' motion to certify (Dkt. 83) is

9  **DENIED**.

10  Dated this 24th day of May, 2012.

11

12

13  BENJAMIN H. SETTLE
   United States District Judge

14

15

16

17

18

19

20

21

22