UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DEREK HOYTE and COLUMBIA CREST PARTNERS,<br><br>  Defendants. | CASE NO. C10-2044 BHS<br><br>ORDER DENYING LEAVE TO AMEND |

This matter comes before the Court on Defendants Derek Hoyte ("Hoyte") and Columbia Crest Partners, LLC's (collectively "Defendants") motion for leave to amend (Dkt. 103). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On December 20, 2010, the United States ("Government") filed a complaint against Defendants. Dkt. 1. The Government contends that (1) Defendants are violating

the conditions of certain easements that have been placed on Defendants' property; (2) Defendants' conduct has injured adjoining land owned by the Government; and (3) Defendants have also misappropriated timber from the adjoining land. *Id.*

On September 14, 2011, the Court granted the Government leave to amend its complaint. Dkt. 54. On September 20, 2011, the Government filed an amended complaint adding a cause of action for violations of the Clean Water Act, 33 U.S.C. § 1251, *et seq.* Dkt. 55 ("FAC").

On November 11, 2011, Defendants answered and asserted counterclaims against the Government. Dkt. 63. On November 22, 2011, the Government filed a motion to dismiss the counterclaims. Dkt. 65. On March 7, 2012, the Court granted the Government's motion. Dkt. 80.

On June 8, 2012, Defendants' attorneys filed a motion for leave to withdraw. Dkt. 89. On July 2, 2012, the Court granted the motion. Dkt. 98. On July 19 and 23, 2012, new attorneys appeared on behalf Defendants. Dkts. 100 & 102.

On August 10, 2012, Defendants filed a motion for leave to amend their current answer. Dkt. 103. On August 27, 2012, the Government responded. Dkt. 104. On August 30, 2012, Defendants replied. Dkt. 105.

## II. DISCUSSION

Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, Defendants seek leave to amend to include (1) an affirmative defense that Hoyte's liability, if any, was discharged in bankruptcy and (2) an affirmative defense that Defendants' conduct fell within the scope of the easement. Dkt. 103. With regard to

the bankruptcy, discharge has been deleted from the list of affirmative defenses making any such amendment unnecessary.

With regard to the second proposed amendment, it is not an affirmative defense. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing, *Flav-O-Rich v. Rawson Food Service, Inc.* (*In re Rawson Food Service, Inc.*), 846 F.2d 1343, 1349 (11th Cir. 1988)). Defendants' allegation that their conduct falls within the conditions of use placed on Defendants' property merely negates the Government's contention that Defendants are violating the conditions of certain easements that have been placed on Defendants' property. Therefore, the Court denies Defendants' motion for leave to amend.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for leave to amend (Dkt. 103) is **DENIED.**

Dated this 11th day of September, 2012.

BENJAMIN H. SETTLE
United States District Judge