UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DEREK HOYTE, et al.,<br><br>    Defendants. | CASE NO. C10-2044 BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff United States of America's ("Government") motion for partial summary judgment (Dkt. 111). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On September 20, 2011, the Government filed an amended complaint against Defendants Columbia Crest Partners, LLC and Derek Hoyte ("Defendants"). Dkt. 55. In its fourth cause of action, the Government alleges that Defendants violated the Clean Water Act, 33 U.S.C. § 1251, *et seq*. ("CWA"). *Id*., ¶¶ 48–69.

On November 14, 2012, the Government filed a motion for partial summary judgment on the CWA claim. Dkt. 111. On December 7, 2012, Defendants responded. Dkt. 116. On December 7, 2012, the Government replied. Dkt. 119.

## II. FACTUAL BACKGROUND

The parties and the Court are familiar with the facts of this case. With regard to the instant motion, the facts are fairly simple. The Government contends that Defendants constructed a road that violated provisions of the CWA. Defendants concede that they constructed the road, but argue that an exception applies based on use of the land.

## III. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

1    The determination of the existence of a material fact is often a close question. The
2 Court must consider the substantive evidentiary burden that the nonmoving party must
3 meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477
4 U.S. at 254; *T.W. Elec. Serv., Inc*., 809 F.2d at 630.  The Court must resolve any factual
5 issues of controversy in favor of the nonmoving party only when the facts specifically
6 attested by that party contradict facts specifically attested by the moving party.  The
7 nonmoving party may not merely state that it will discredit the moving party's evidence
8 at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*
9 *Elec. Serv., Inc*., 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,
10 nonspecific statements in affidavits are not sufficient, and missing facts will not be
11 presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).
12    In this case, Defendants concede that their activities led to the placement of fill
13 dirt on several wetland areas.  Dkt. 116 at 3.  Defendants, however, contend that their
14 activities qualify for the CWA exception of maintaining farm roads or forest roads. *Id*.
15 CWA exemptions must be "analyzed in light of the Act's purposes" and must be
16 construed narrowly.  *United States v. Akers*, 785 F.2d 814, 819 (9th Cir. 1986).  It is a
17 defendant's burden to demonstrate that a particular act is exempt from the CWA. *Id.* at
18 814.
19    Defendants have failed to meet their burden.  First, there is no evidence that the
20 road is a forest road used for "the production of food, fiber and forest products . . . ." 33
21 U.S.C. 1344(f)(1)(A).  Therefore, the Court finds that Defendants have failed to show
22 that a genuine issue of fact exists whether the road in question is a forest road.

Second, although there is evidence that a portion of the property in question produces alfalfa hay, there is no evidence that the road in question is or could be used for that purpose. In fact, the evidence in the record shows that the hay field is accessed by an entirely different route and that the road in question could not be used by any vehicle hauling hay. *See* Dkt. 119 at 8–9. Therefore, the Court finds that Defendants have failed to show that a genuine issue of fact exists whether the road in question is a farm road.

Finally, even if a question of fact existed on the maintenance exception, the Government contends that Defendants have failed to show that the recapture provision of the CWA does not apply. Section 1344(f)(2) reinstates the permit requirement where the discharge into water is "[1] incidental to any activity having as its purpose bringing an area of the navigable waters into a use to which it was not previously subject, [and 2] where the flow or circulation of navigable waters may be impaired or the reach of such waters reduced . . . ." Defendants have failed to submit evidence on either of these issues and concede that they filled a wetland area. Therefore, the Court finds that Defendants have failed to meet their burden on the issue of the CWA's recapture provision.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Government's motion for partial summary judgment (Dkt. 111) is **GRANTED.**

Dated this 17th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge