Judge Settle

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  C10-2044BHS |
| Plaintiff, | **CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND COLUMBIA PACIFIC ENTERPRISES, INC.** |
| v. | |
| DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, and COLUMBIA PACIFIC ENTERPRISES, INC., | |
| Defendants, | |

WHEREAS the locus of this lawsuit is certain real property located in Skamania County, Washington, of approximately 80 acres in size, commonly identified by the mailing address of 22962 State Highway 14, Washougal, Washington; and

WHEREAS the legal description of the aforesaid property is as follows:

PARCEL I

A portion of the South half of the South half of Section 17 and Government Lots 1, 2 and 3, in Section 20, all In Township 1 North, Range 5 East, Willamette Meridian, Skamania County, Washington, described as follows:

BEGINNING at the Intersection of the South right of way line of State Highway 14, with the East line of the West 390 feet of Government Lot 1, said point being the most Westerly Northwest corner of the Grams Tract as described In Book 50 of Deeds at page 31 (recorded June 25, 1962), Skamania County Auditor's Records; thence Northeasterly along the South right of way of State Highway 14 for a distance of 215 feet, more or less, to the Northwest corner of the excepted parcel noted in the Grams Tract; thence South 73.45 feet, more or less, to the Southwest corner of said

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 1
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   excepted parcel; thence North 84°30' East 162.00 feet to the Southeast corner of said excepted
    parcel; thence North along the East line of said excepted parcel, 110 feet, more or less, to the
2   South right of way line of State Highway 14; thence Northeasterly along said South right of way
    line 145 feet, more or less, to the North line of Section 20; thence East along the line between
3   Sections 17 and 20 for a distance of 1000 feet, more or less, to a point that is 1850 feet East of the
    Southwest corner of Section 17, said point being the Southeast corner of the U.S.A. Tract as
4   described In Book 121 of Deeds, at page 379, Skamania County Auditor's Records; thence North
    268 feet, more or less, to the South right of way line of State Highway 14 and the Northeast corner
5   of the U.S.A. Tract; thence Northeasterly and Easterly along said South right of way line 2500
    feet, more or less, to a point that is 140.00 feet Westerly (as measured along said right of way line)
6   from Engineer's Station 331+00, 50.00 feet right (Sheet 3 of 6, State Road No. 8, Wing Creek to
    Prindle, dated June 24, 1927); thence South (parallel with the West line of Government Lot 1 of
7   Section 20), 970.00 feet; thence Southwesterly 3750 feet, more or less, to a point on the East line
    of the West 390 feet of Government lot 1, that is 810.00 feet South of the Point of Beginning;
8   thence North 810.00 feet to the Point of Beginning.

9   PARCEL II

10  That portion of the Southwest quarter of Section 17, Township 1 North, Range 5 East of the
    Willamette Meridian, Skamania County, Washington, lying Southerly of the Southerly right of
11  way line of the Evergreen Highway as presently located and established. EXCEPTING the
    following described tract of land:
12
    BEGINNING at a point on the South line of the said Section 17, a distance of 1850 feet East of the
13  Southwest corner of the said Section 17; thence North 268.5 feet, more or less, to the Southerly
    right of way line of the said Evergreen Highway; thence in an Easterly direction along the
14  Southerly line of the said highway to the center line running North and South through the said
    Section 17; thence South along the said center line to the quarter corner on the South line of the
15  said Section 17; thence West along the South line of the said Section 17 to the Point of Beginning.

16      WHEREAS at all relevant times, the real property described above, which shall hereafter be

17  referred to herein as the "Gorge Property," is and continues to be, located entirely within a Special

18  Management Area of the Columbia River Gorge National Scenic Area; and

19      WHEREAS on March 31, 1995, plaintiff United States of America purchased from Richard E. and

20  Helen D. Grams, owners in fee of the Gorge Property, an easement against a portion of the Gorge

21  Property identified in the legal description set forth above as "Parcel I," which may also hereafter be

22  referred to in this Consent Decree as the "Subject Parcel." The terms of the easement are embodied in a

23  Conservation Easement Deed, which shall hereafter be referred to in this Consent Decree as the

24  "Conservation Easement Deed," and which was duly executed by the parties and recorded in Skamania

25  County on April 13, 1995; and

26      WHEREAS on July 29, 2005, Richard E. and Helen D. Grams entered into a Real Estate Contract

27  with defendants Derek A. Hoyte and Columbia Crest Partners, L.L.C., for the purchase and sale of the

28  Gorge Property, including the Subject Parcel, which was duly executed by the parties and recorded in

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 2
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  Skamania County on August 18, 2005, whereby, among other things, defendants Derek A. Hoyte and

2  Columbia Crest Partners, L.L.C., agreed to comply with the Conservation Easement Deed in their future

3  uses of the Subject Parcel; and

4  WHEREAS defendant Derek A. Hoyte, is an individual, and a resident of the State of Washington,

5  whose principal address is 3618 SE 327th Avenue, Washougal, Washington, 98671; and

6  WHEREAS defendant Columbia Crest Partners, L.L.C., is a presently "inactive" Washington

7  limited liability company assigned UBI Number 602303274, whose founding members were defendants

8  Derek A. Hoyte and Columbia Pacific Enterprises, Inc., and whose principal place of business was

9  identified as 2075 52nd Court, Washougal, Washington, 98671; and

10  WHEREAS defendant Columbia Crest Partners, L.L.C., was administratively dissolved as of

11  October 1, 2008, by the Washington Secretary of State due to its failure to renew its license within the

12  time set forth by law; and

13  WHEREAS defendant Columbia Pacific Enterprises, Inc., is an active Washington corporation

14  assigned UBI Number 602300893, whose President is defendant Derek A. Hoyte and whose principal

15  place of business is 3618 SE 327th Avenue, Washougal, Washington, 98671; and

16  WHEREAS defendants Derek Hoyte, Columbia Crest Partners, L.L.C., and defendant Columbia

17  Pacific Enterprises, Inc., hereby stipulate and agree that they are each bound by the terms of the

18  Conservation Easement Deed; and

19  WHEREAS defendant Derek Hoyte and defendant Columbia Pacific Enterprises, Inc., hereby

20  stipulate and agree that for purposes of the Conservation Easement Deed, and any necessary

21  enforcement thereof by the United States, that they are each fully and jointly responsible for their

22  actions and inactions, including those of their agents, employees, representatives and contractors and

23  anyone acting on their behalf in regards to the Subject Parcel, and that they are also fully and jointly

24  responsible for the actions and inactions of defendant Columbia Crest Partners, L.L.C., irrespective of

25  its legal status, including those of its agents, employees, representatives and contractors and anyone

26  acting on its behalf in regards to the Subject Parcel, and they hereby represent that they have full

27  authority to act not only on their own behalf but on behalf of Columbia Crest Partners, L.L.C., in regards

28  to all matters which are the subject of this Consent Decree; and

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 3
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   WHEREAS defendants Derek Hoyte, Columbia Crest Partners, L.L.C., and defendant Columbia
2   Pacific Enterprises, Inc., hereby stipulate and agree that they are each jointly and severally bound by the
3   terms of this Consent Decree; and

4   WHEREAS defendants further stipulate and agree that no part of defendant Derek Hoyte's
5   liability to the United States as alleged in this lawsuit was subject to discharge or discharged as a result
6   of the Order of Discharge issued on November 12, 2010, by the United States Bankruptcy Court for the
7   Western District of Washington in In re Derek Hoyte, Case No. 10-46172, because the liability was not
8   dischargeable pursuant to 11 U.S.C. § 523(a)(6) or 11 U.S.C. § 523(a)(7), or because the liability did not
9   involve a "debt" within the meaning of 11 U.S.C. § 101(12), or because the liability accrued after the
10  filing of the bankruptcy petition, or because of any combination of the four, and defendants, being fully
11  informed in the matter, hereby waive any right to assert in any forum or proceeding that this Consent
12  Decree, or any responsibility imposed upon defendants in this Consent Decree for any actions taken by
13  Derek Hoyte, were discharged or otherwise rendered unenforceable by the November 12, 2010, Order of
14  Discharge; and

15  WHEREAS on December 20, 2010, plaintiff United States of America filed a complaint herein
16  against defendants Derek Hoyte and Columbia Crest Partners, L.L.C., alleging in substance that
17  defendants by their actions as alleged in the complaint had breached certain terms of the Conservation
18  Easement Deed, trespassed on National Forest System land owned by the United States and
19  administered by the United States Forest Service which adjoins the Gorge Property, and committed a
20  timber trespass in regards to trees on the Subject Parcel and on the adjoining National Forest System
21  land; and

22  WHEREAS on September 20, 2011, the United States, with leave of the Court, filed a first
23  amended complaint by which it asserted an additional cause of action against defendants for violating
24  Section 404 of the Clean Water Act, 33 U.S.C. §1344, based on allegations that defendants had placed
25  fill material in wetlands on Parcel I of the Gorge Property which constitute waters of the United States
26  for purposes of the Clean Water Act; and

27  WHEREAS on December 10, 2012, the United States, with leave of the Court, filed a second
28  amended complaint by which it joined as a party-defendant Columbia Pacific Enterprises, Inc., on all

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 4
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  causes of action; and

2  WHEREAS the Court, by Order entered December 17, 2012, determined that defendants had

3  discharged fill material into waters of the United States during the construction of certain roads on

4  Parcel I of the Gorge Property without a permit issued by the U.S. Army Corps of Engineers in violation

5  of Section 404(a) of the Clean Water Act, 33 U.S.C. § 1344(a); and

6  WHEREAS plaintiff United States and defendants now wish to settle and compromise this legal

7  action; and

8  WHEREAS in furtherance thereof, this Consent Decree is intended to constitute a complete and

9  final settlement of all remaining claims and disputes at issue in the above-captioned lawsuit as between

10  plaintiff United States of America and defendants; and

11  WHEREAS plaintiff United States of America and defendants agree that this settlement is in the

12  public interest and that entry of this Consent Decree is the most appropriate means of resolving the

13  remaining issues in dispute between plaintiff United States of America against defendants in this case;

14  and

15  WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the

16  remaining claims of plaintiff United States of America against defendants in this case, and that this

17  Consent Decree adequately protects the public interest in accordance with the Clean Water Act, and all

18  other applicable federal laws,

19  NOW THEREFORE, without further adjudication of any issue of fact or law, and upon consent of

20  the parties hereto and their authorized representatives, it is hereby ORDERED, ADJUDGED and

21  DECREED as follows:

22  I.  JURISDICTION AND VENUE

23  1.  This Court has jurisdiction over the subject matter of this action and over the parties.

24  2.  Venue is proper in the Western District of Washington

25  II.  APPLICABILITY

26  3.  Insofar as this Consent Decree obligates defendants to pay civil penalties and damages to the

27  United States and imposes upon them an obligation to take actions to mitigate damage and restore the

28  Subject Parcel, those obligations shall be personal obligations of defendants, jointly and severally, and

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 5
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1 shall remain so regardless of any subsequent voluntary alienation or conveyance by them of all or a part

2 of their interest in the Subject Parcel.  In the case of any voluntary alienation or conveyance by them of

3 their interest in all or a part of the Subject Parcel prior to their completion of the aforesaid obligations to

4 the satisfaction of authorized representatives of the U.S. Forest Service, defendants shall retain sufficient

5 rights in the Subject Parcel to enable them to fulfill their obligations under this Consent Decree.

6    4.    All other provisions of this Consent Decree shall apply to and be binding upon defendants,

7 their representatives, agents, employees, devisees, heirs and assigns, and persons present on the Subject

8 Parcel with their knowledge and consent, as well as to any other person who shall hereafter acquire an

9 interest in the Subject Parcel by whatever method or means.

10    5.    It is understood and expressly agreed that, except where otherwise expressly and

11 unequivocally stated in this Consent Decree, the obligations imposed by this Consent Decree shall run

12 with the land and shall be binding on any and all successors-in-interest to the Gorge Property, whether

13 by purchase or otherwise.  At least thirty (30) days prior to the voluntary transfer of any interest in the

14 Gorge Property, defendants, or any other party making such transfer on their behalf, shall provide

15 written notice and a true copy of this Consent Decree to the putative successor-in-interest and shall

16 simultaneously give such notice of the contemplated transfer to the United States Attorney for the

17 Western District of Washington; the Area Manager for the Columbia River Gorge National Scenic Area,

18 United States Forest Service; and the District Engineer, Seattle District, U.S. Army Corps of Engineers.

19 In the case of an involuntary transfer, defendants shall by the most expedient means available provide

20 the notice specified in the preceding sentence as soon as practicable and in no event later than 72 hours

21 after defendants are first made aware of the possibility of an involuntary transfer.  However, the failure

22 to give the notice required by this paragraph shall in no way affect the validity of this Consent Decree

23 nor diminish in any way its enforceability or its binding effect on successors-in-interest to the Gorge

24 Property.

25    6.    In the future should Parcel I and Parcel II of the Gorge Property be, in accordance with

26 applicable law, sold separately, it is understood and agreed by the parties to this Consent Decree that

27 Parcel II may be sold free and clear of any obligation imposed by this Consent Decree which runs with

28 the land and that such obligations as to Parcel II shall cease upon the consummation of the sale and the

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 6
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   recording of title in Skamania County, but the obligations imposed by this Consent Decree which run

2   with the land shall continue to apply to Parcel I, at all times.

3                              III.  ADJUDICATED VIOLATIONS AND ADMISSIONS

4       7.      The Court has determined as a matter of law that commencing in 2006, defendants violated

5   Section 404 of the Clean Water Act ("CWA"), 33 U.S.C. § 1344, by discharging fill material into

6   navigable waters of the United States on the Gorge Property within the Subject Parcel without first

7   having obtained a permit to do so by the U.S. Army Corps of Engineers although a permit for such

8   activity was required by statute.  Upon the entry of this consent decree this violation of Section 404 of

9   the Clean Water Act, 33 U.S.C. § 1344, shall be deemed to be a finally adjudged violation of the Clean

10  Water Act against all defendants and in favor of the United States.

11      8.      Except as set forth in the preceding paragraph, or elsewhere stated in this Consent Decree,

12  nothing in this Consent Decree shall constitute an admission of fact or law by any party.

13                              IV.  SCOPE OF CONSENT DECREE

14      9.      This Consent Decree shall constitute a complete and final settlement of all claims for

15  damages, injunctive relief and civil penalties alleged in the Second Amended Complaint against

16  defendants.

17      10.     It is an express purpose of the parties in entering this Consent Decree to further the

18  objectives set forth in CWA Section 101, 33 U.S.C. § 1251.  All obligations in this Consent Decree or

19  resulting from the activities required by this Consent Decree as a consequence of the violation of the

20  Clean Water Act by defendants shall have the objective of causing defendants to achieve and maintain

21  full compliance with, and to further the purposes of, the CWA.

22      11.     This Consent Decree is not and shall not be interpreted to be, a permit or modification of

23  any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, or

24  any other law.  Nothing in this Consent Decree shall limit the ability of the U.S. Army Corps of

25  Engineers to issue, modify, suspend, revoke or deny any individual permit or any nationwide or regional

26  general permit, nor shall this Consent Decree limit the ability of the U.S. Army Corps of Engineers or

27  the Environmental Protection Agency (EPA) to exercise their authority pursuant to Section 404(c) of the

28  CWA, 33 U.S.C. § 1344(c).

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 7
(Case No. C10-2044BHS)

12. This Consent Decree in no way affects or relieves defendants or their heirs, assigns, and successors in interest of their responsibility to comply with any applicable federal, state, or local law, ordinance, regulation or permit.

13. This Consent Decree in no way affects or relieves defendants or their heirs, assigns, and successors in interest of their responsibility to comply with the Conservation Easement Deed purchased by the United States of America in the Subject Parcel and recorded in Skamania County on April 13, 1995, nor does it adversely affect or diminish the rights of the United States under the Conservation Easement Deed.

14. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

15. The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

16. This Consent Decree is not a settlement of, and in no way affects, the rights of the United States to seek penalties, injunctive relief, or remedial actions with respect to any violation by defendants of federal, state, or local laws, regulations, or permit conditions, not alleged in the Second Amended Complaint.

## V. SPECIFIC PROVISIONS

### A. INJUNCTIVE RELIEF

17. Defendants are hereby permanently enjoined from taking any actions, or causing others to take any actions, on the Subject Parcel which results in the discharge of dredged or fill material into waters of the United States, as defined by the CWA and regulations promulgated thereunder, except as in compliance with an individual permit issued pursuant to CWA Section 404(a), 33 U.S.C. § 1344(a), or with any applicable general permit, including all prescribed national and local conditions, issued by the United States Army Corps of Engineers, unless the discharge meets all of the conditions specified in one of the exceptions set forth in Section 404(f)(1) of the Clean Water Act, 33 U.S.C. § 1344(f)(1), and implementing regulations, is in compliance with all prescribed national and local conditions, including, but not limited to, preconstruction notification to the District Engineer, Seattle District, U.S. Army Corps of Engineers and, pursuant to Section 404(f)(2), of the Clean Water Act, 33 U.S.C. § 1344(f)(2),

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND COLUMBIA PACIFIC ENTERPRISES, INC. - 8 (Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  is not incidental to any activity having as its purpose bringing an area of the navigable waters into a use
2  to which it was not previously subject or where the flow or circulation of navigable waters is not
3  impaired or the reach of such waters is not reduced. Additionally, defendants shall not discharge any
4  dredged or fill material anywhere on the Subject Parcel without the prior express written prior approval
5  of an authorized representative of the U.S. Forest Service under Part III, Paragraph B of the
6  Conservation Easement Deed.

7      18.   Defendants are hereby permanently enjoined from gaining access to adjoining National
8  Forest System land, or allowing others to gain access to or egress from adjoining National Forest System
9  lands, except by an officially marked road, trail or path which is specifically recognized and authorized
10  by the U.S. Forest Service as a point of access to or egress from the National Forest System land and
11  open to any member of the general public. This injunction shall apply to all unofficial roads, trails or
12  paths onto or across the adjoining National Forest System lands, including, but not limited to, the road
13  constructed by defendants from the site of the former Social Garden across National Forest System land
14  to the Columbia River.

15      19.   Defendants are hereby permanently enjoined from gaining access to or egress from
16  adjoining National Forest System land, or allowing others to gain access to or egress from adjoining
17  National Forest System lands, except by a mode of travel which is specifically recognized and
18  authorized by the U.S. Forest Service on such National Forest System land. Such prohibited modes of
19  travel shall include, but not be limited to, any motorized vehicle, any motorized piece of equipment, any
20  mountain or trail bike, or any horse or other stock animal.

21      20.   Defendants are hereby permanently enjoined from crossing adjoining National Forest
22  System land, or allowing others to cross adjoining National Forest System land, to reach either the
23  Columbia River or other parts of their land except by an officially marked road, trail or path which is
24  specifically recognized and authorized by the U.S. Forest Service as a point of access to or egress from
25  the National Forest System land and open to any member of the general public. This injunction shall
26  apply to all unofficial roads, trails or paths onto or across the adjoining National Forest System lands.
27  Nothing in this paragraph is intended to preclude defendants, upon entering National Forest Service land

28

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 9
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   by authorized points of access and egress, to walk upon and about National Forest Service land on the
2   same terms as any other member of the general public.

3        21.    Nothing in paragraphs 18, 19, or 20 shall be construed to foreclose defendants from making
4   a request to the Area Manager of the Columbia River Gorge National Scenic Area for permission to
5   engage on isolated occasions in an activity that would otherwise be enjoined by the terms of those
6   paragraphs, provided that the request is made in writing reasonably in advance of the activity.
7   Defendants shall not engage in the activity unless and until written permission is received from the Area
8   Manager. Defendants agree that the Area Manager is under no obligation to grant the request and that
9   the Area Manager may deny the request for any reason. The decision of the Area Manager on any such
10  request shall be final. The parties agree that no rights are conveyed to defendants by this paragraph and
11  it is intended simply to reflect that the aforementioned paragraphs are not intended to foreclose
12  defendants from making requests for permission. Defendants agree that they shall have no recourse
13  from a denial of a request for such permission, either under this Consent Decree or otherwise, and they
14  specifically agree that Section VIII of this Consent Decree relating to Dispute Resolution does not apply
15  in regard to such requests and may not be invoked in regards to the Area Manager's response to such a
16  request. Should the Dispute Resolution provisions be invoked by defendants in regards to the Area
17  Manager's response to such a request, the provisions of paragraph 76 shall apply in like manner as in the
18  case of a dispute regarding the interpretation or construction of the terms of the Conservation Easement
19  Deed.

20       22.    Defendants are hereby permanently enjoined from engaging in any ground disturbing
21  activity on the adjoining National Forest System land, or allowing others to engage in such activity on
22  the adjoining National Forest System land, including, but not limited to, the construction of any road,
23  trail or path.

24       23.    Defendants are hereby permanently enjoined from engaging in any use or disturbance of any
25  foliage on the adjoining National Forest System land, or allowing others to use or to disturb foliage on
26  adjoining National Forest System land. This injunction shall include, but not be limited to, the felling of
27  any tree, the removal of any tree or any branches, the cutting up or removal of any downed tree for
28  firewood or otherwise, the removal, trimming or application of any chemical to any brush or foliage, the

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 10
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  removal or disturbance of any ground or ground cover, and the attachment of any object to any thing on

2  National Forest System land.  These prohibitions shall apply regardless of the type, size, age, or

3  condition of the foliage.

4       24.    Defendants are hereby permanently enjoined from bringing any equipment on to the

5  adjoining National Forest System land, or allowing others to bring equipment on to the adjoining

6  National Forest System land, mechanized or otherwise, including, but not limited to, any saw, any

7  cutting device, any vehicle and any piece of earthmoving equipment.

8       25.    Defendants are hereby permanently enjoined from storing, depositing, or discharging any

9  item or substance on the adjoining National Forest System land, or allowing others to store, deposit or

10 discharge any substance on adjoining National Forest System lands.  For purposes of this paragraph, a

11 discharge shall include not only substances which are discharged directly on National Forest System

12 land, but also discharges of substances on the Gorge Property which may foreseeably reach National

13 Forest System land.

14      26.    Defendants are hereby permanently enjoined from making any alterations to the drainage

15 system on their land, or allowing others to make such alterations, which will result in drainage being

16 directed onto the adjoining National Forest System land.

17      27.    Defendants are hereby permanently enjoined from engaging in any activity on the adjoining

18 National Forest System lands, or allowing others to engage in any activity on the adjoining National

19 Forest System lands, which is not an activity specifically authorized by the U.S. Forest Service for any

20 member of the general public.

21      28.    Defendants are hereby permanently enjoined from inviting or allowing members of the

22 general public, or permitting others to invite or allow members of the general public to have access to

23 the Subject Parcel without the prior express written approval of an authorized representative of the

24 U.S. Forest Service under Part III, Paragraph B of the Conservation Easement Deed.

25      29.    Defendants and their successors-in-interest are hereby permanently enjoined from owning or

26 operating, or allowing others to own or operate, any commercial enterprise of any kind on the Subject

27 Parcel without the prior express written approval of an authorized representative of the U.S. Forest

28

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 11
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206) 553-7970

1   Service under Part III, Paragraph B of the Conservation Easement Deed.  The term "commercial

2   enterprise" shall include any business venture of any kind, whether for profit or otherwise.

3        30.    Defendants and their successors in interest are hereby permanently enjoined from granting

4   access or use of the Subject Parcel to any person, individual, entity or group, or allowing others to grant

5   such access or use, for any purpose in exchange for the payment of any form of compensation,

6   consideration, in-kind contribution, donation or gratuity to themselves or to any person, individual,

7   entity or group, without the prior express written approval of an authorized representative of the U.S.

8   Forest Service under Part III, Paragraph B of the Conservation Easement Deed.  The term "any purpose"

9   in the foregoing sentence shall include, but not be limited to, spiritual or religious retreats and activities,

10  sightseeing, hiking, hunting, shooting, camping, biking, ziplining, rope swinging, parasailing,

11  paragliding, hang gliding, rock or rope climbing, motorized vehicle riding, horseback or stock animal

12  riding, purchasing or sampling of food or agricultural products, wine tasting, "u-pick," and any other

13  form of visitor attraction, including, but not limited to, corn mazes, hay rides, and any other activity

14  associated with the terms "ecotourism" or "agritourism."  However, nothing herein is intended to

15  preclude defendants from continuing to grow hay and alfalfa on the Subject Parcel in the east and west

16  pastures which adjoin State Highway 14 at the same operational level as at present for their personal use

17  or for off-site sale, and nothing herein is intended to preclude defendants from allowing third parties to

18  have access to the east and west pastures of the Subject Parcel to the extent necessary to harvest hay and

19  alfalfa grown in the east and west pastures which adjoin State Highway 14 and to remove harvested hay

20  and alfalfa from the Subject Parcel to be sold elsewhere or used elsewhere.  Further, nothing in this

21  paragraph is intended to preclude defendants from leasing out the existing residence on the Subject

22  Parcel for use only as a single family dwelling.

23       31.    Defendants and their successors in interest are hereby permanently enjoined from

24  advertising, or allowing others to advertise, a commercial enterprise of any kind operating on the

25  Subject Parcel, including those activities identified above in Paragraph 30, without the prior express

26  written approval of an authorized representative of the U.S. Forest Service under Part III, Paragraph B of

27  the Conservation Easement Deed.  The term "advertising" shall include, but not be limited to,

28

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 12
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   advertisements or commercial notices in any form, including websites, brochures, signs, mailings,

2   television or radio appearances or advertisements, and newspaper or magazine advertisements.

3       32.    Defendants are hereby permanently enjoined from harming, disturbing or making any use of

4   any standing tree on the Subject Parcel, or allowing others to do so, regardless of size and regardless of

5   whether the tree is dead or alive, without the prior express written approval of an authorized

6   representative of the U.S. Forest Service under Part III, Paragraph B of the Conservation Easement Deed

7   with the following exceptions:

8       a. when the activity concerned involves the pruning, cutting or removal of that portion of any tree

9   located within 10 feet of any existing structure identified in the Conservation Easement Deed,

10      b. within the east or west pasture, provided that the tree is no larger than 1" diameter at breast

11  height ("dbh");

12      c. within the Social Garden Area identified in the Conservation Easement Deed to the extent

13  necessary to maintain or replace fruit trees planted within such area pursuant to paragraph 50(a) of this

14  Consent Decree, provided that the tree is no larger than 1" dbh: and

15      d. within any existing road identified under paragraphs 37(a) - (c) of this Consent Decree,

16  provided that the tree is no larger than 1" dbh.

17  For purposes of this paragraph, "use" shall include, but not be limited to, any cutting, removal, felling,

18  limbing, or trimming of a tree, the application of any chemical, and the attachment by any means of any

19  object, device, or hardware to any standing tree, the use of any tree as support for any object or device,

20  and the disturbance of the supporting ground or root structure of any standing tree.

21      33.    Defendants are hereby permanently enjoined from disturbing, or allowing others to disturb,

22  any foliage on the Subject Parcel regardless of size and regardless of whether the foliage is dead or alive

23  without the prior express written approval of an authorized representative of the U.S. Forest Service

24  under Part III, Paragraph B of the Conservation Easement Deed, except that live foliage within 5 feet,

25  dead foliage within 10 feet, and any portion of a tree located within 10 feet of any existing structure

26  which is identified in the Conservation Easement Deed may be pruned without such approval.  No such

27  approval shall be required when the activity concerned involves the pruning, cutting, or mowing of live

28  foliage located within the existing open areas identified in paragraph 32 of this Consent Decree.

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 13
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  However, nothing in this paragraph shall be construed to provide authority to defendants to widen or

2  expand the cleared area of any of the identified roads or areas beyond their present clearing limits

3  without the prior express written approval of an authorized representative of the U.S. Forest Service

4  under Part III, Paragraph B of the Conservation Easement Deed.

5     34.   Defendants are hereby permanently enjoined from constructing any new road or improved

6  trail or path, improving any existing road, or constructing or maintaining any improved trail or path, or

7  allowing others to do so, on the Subject Parcel without the prior express written approval of an

8  authorized representative of the U.S. Forest Service under Part III, Paragraph B of the Conservation

9  Easement Deed.  For purposes of this paragraph, the activities contemplated by the term "improving"

10  include, but are not limited to, all ground disturbing activities, including but not limited to clearing,

11  grubbing, excavating, scraping, filling, widening, expanding, ditching, hardening, surfacing, and

12  graveling.  For purposes of this Consent Decree, an improved trail or path is one which is created or

13  maintained by any one or any combination of the improving activities identified in the preceding

14  sentence.

15     35.   Defendants are hereby permanently enjoined from using or maintaining the road complex on

16  the Subject Parcel which connects the east pasture to the west pasture across the canyon that bisects the

17  Gorge Property on the Subject Parcel, including the spur road to the south facing cliffs, or allowing

18  others to use this road complex.  The location of the road complex described in this Paragraph on the

19  Subject Parcel is depicted in Figure 1, which is incorporated herein by reference, and located in the area

20  identified as "Area 3 - Trail/Road Through Canyon."  Injury to the Subject Parcel associated with the

21  construction of this road complex shall be mitigated according to the provisions of this Consent Decree.

22  This road complex, including the spur road, also shall not be regarded to be existing roads within the

23  meaning of the Conservation Easement Deed and they shall not be used, improved or maintained in the

24  future by defendants or their successors-in-interest.  Subject to Paragraph 62 of this Consent Decree,

25  nothing in the paragraph is intended to preclude defendants from making a future request to construct

26  new roads or trails on the Subject Parcel from an authorized representative of the U.S. Forest Service

27  under Part III, Paragraph B of the Conservation Easement Deed.

28     36.   Defendants are hereby permanently enjoined from using or maintaining the road which

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 14
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  crosses National Forest System land and connects the Social Garden Area to the Columbia River, or

2  allowing others to use this road. The location of the road described in this Paragraph on the Subject

3  Parcel is depicted in Figure 1, which is incorporated herein by reference, and located with the area

4  identified as "Area 2 - Trail/Road To River." Injury to the Subject Parcel and the National Forest

5  System land associated with the construction of this road shall be mitigated according to the provisions

6  of this Consent Decree. That portion of the road which is situated on the Subject Parcel shall not be

7  regarded to be an "existing" road within the meaning of the Conservation Easement Deed and it shall

8  not be used as such, improved or maintained in the future by defendants or their successors-in-interest.

9  Subject to Paragraph 62 of this Consent Decree, nothing in the paragraph is intended to preclude

10 defendants from making a future request to construct new roads or trails on the Subject Parcel from an

11 authorized representative of the U.S. Forest Service under Part III, Paragraph B of the Conservation

12 Easement Deed,

13     37.    Defendants are hereby permanently enjoined from making any improvements to any existing

14 road on the Subject Parcel, or allowing others to make improvements, without the prior express written

15 approval of an authorized representative of the U.S. Forest Service under Part III, Paragraph B of the

16 Conservation Easement Deed. For purposes of this Consent Decree, the term improvements shall

17 include, but not be limited to, widening, expanding, ditching, hardening, resurfacing, grading or

18 changing the course of any existing road, trail or path. For purposes of this Consent Decree, the parties

19 stipulate and agree that the following roads are the only existing roads on the Subject Parcel:

20     a.    The road by which access and egress to State Highway 14 is acquired adjacent to the site of

21 the former service station which terminates near the existing residence on the Subject Parcel.

22     b.    The road by which access is gained to the Social Garden from the residence on the subject

23 parcel as depicted in "Exhibit A" to the Conservation Easement Deed. The location of the road

24 described in this subparagraph on the Subject Parcel is depicted in Figure 1, which is incorporated

25 herein by reference, in the area identified as "Area 1 - Social Garden Home Site."

26     c.    The road by which access to and egress from State Highway 14 is obtained from the east

27 pasture, which commences at State Highway 14 near Milepost 23.5, roughly parallels the western

28 treeline, and terminates near the southwest point of the east pasture.

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 15
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

38.  For purposes of paragraphs 17 through 37 of this Consent Decree it is understood and agreed that the independent actions of third parties who are present on the Subject Parcel without the knowledge, permission or acquiescence of defendants or their successors-in-interest shall not constitute grounds for a violation of this Consent Decree.

## B. CIVIL PENALTIES

39.  Defendants shall pay the sum of TEN THOUSAND Dollars ($10,000.00) as and for a civil penalty pursuant to Section 309 of the Clean Water Act, 33 U.S.C. § 1319, to the United States within 60 days of the date of entry of this Consent Decree.  Payment shall be made in accordance with instructions provided to defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington.

40.  Civil penalty payments pursuant to this Consent Decree are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or 26 C.F.R. § 1.162-21 and are not tax deductible expenditures for purposes of federal law.

## C. DAMAGES

41.  Defendants shall pay the sum of NINETY THOUSAND Dollars ($90,000.00) as and for damages in compensation for injuries caused to the Subject Parcel from defendants' activities as alleged in the Second Amended Complaint.  Defendants shall be jointly and severally responsible for the payment of this sum.  This shall be a personal obligation of defendants which is neither transferable nor assignable to third parties.  The parties hereby stipulate and agree that the foregoing constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

42.  The foregoing sum may be paid by defendants in monthly installments over a period of ten years with interest, until paid in full.  The first monthly installment payment will be due and payable one year after the date of entry of this Consent Decree.  Interest shall be calculated at a rate equal to the weekly average 1 year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the entry of this Consent Decree.  Interest shall be computed daily to the date of full payment, and shall be compounded annually.  Payment shall be made electronically in accordance with instructions provided to the defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington.  Said

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND COLUMBIA PACIFIC ENTERPRISES, INC. - 16 (Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  instructions will include a schedule for the payment of monthly installments and the amount of each
2  installment.

3      43.    In the event that a monthly installment is not fully paid within 30 days of the due date for
4  such installment, defendants shall be deemed to be in default on their payment obligations under this
5  Consent Decree and an additional penalty of $50.00 per day shall automatically be added to the amount
6  of the overdue installment commencing on the 31st day that the installment is overdue.  An installment
7  shall not be considered fully paid and defendants shall remain in default until the full amount of the
8  installment plus any additional penalty accruing under this paragraph, is received by the United States
9  Attorney.

10     44.    If defendants are in default on their payment obligations under this Consent Decree for any
11  period of time in excess of 60 days, the United States may, at its sole discretion, decide to accelerate the
12  indebtedness at any time thereafter.  If the United States decides to accelerate the indebtedness, the full
13  unpaid amount of the sum specified in Paragraph 41 as of the date of the acceleration, including any
14  amounts owed to the United States as the result of overdue payments together with any accrued interest,
15  shall be immediately due and payable in full as of the date of the acceleration.  The United States shall
16  give notice to defendants of its decision to accelerate the debt, and the resulting amount of the
17  indebtedness, by sending a letter by regular or certified mail to:

18
19                         Derek A. Hoyte
                     Columbia Pacific Enterprises, Inc.
                          P.O. Box. 646
20                      Haiku, Hawaii  96708

21  Notwithstanding any acceleration of the indebtedness pursuant to this paragraph, interest shall continue
22  to accrue until the debt is retired in full.  The United States may, at its sole discretion, decide to
23  withdraw an acceleration of the debt on such terms as it deems appropriate and may do so without
24  prejudice to its ability to accelerate the debt again in the future.

25     45.    At any time after notice is sent to defendants of its decision to accelerate the debt, the United
26  States may initiate collection procedures as set forth herein.  The United States may, but is not required
27  to invoke the dispute resolution provisions set forth in Section VIII of this Consent Decree before
28  initiating collection proceedings.  The United States may make application to the Court for the issuance

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 17
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   of the entry of a separate judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure for
2   the total amount of the indebtedness upon providing the Court with evidence of the remaining principal
3   amount due, plus any accrued penalty amounts, plus accrued interest.  Defendants hereby stipulate and
4   agree that, in opposition to such an application, they may contest only the amount of the outstanding
5   indebtedness claimed by the United States.  Upon a finding that there is no just reason for delay, the
6   Court may, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, enter a judgment for the
7   amount it determines is due and owing.  Defendants hereby stipulate and agree that any such judgment is
8   non-dischargeable in bankruptcy and that they will not seek to discharge the judgment in bankruptcy.  It
9   is further understood and agreed that the United States may pursue any and all avenues of collection to
10  execute on this judgment under federal and state law, including those remedies available under the
11  Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq.  Defendants hereby stipulate and
12  agree that should the United States be required to initiate collection efforts, defendants shall not claim
13  the Gorge Property, or such interest that they hold in the Gorge Property, to be an exempt property under
14  any statutory collection procedure which allows for the exemption of certain assets or property for
15  purposes of collection.  If it is necessary for the United States to initiate collection procedures,
16  defendants shall be jointly and severally responsible for the reasonable attorney's fees, costs, and
17  expenses, of the United States in collecting the judgment until the full amount of the outstanding
18  indebtedness is collected in full.  The United States may apply to the Court for a supplemental judgment
19  under this paragraph to recover its reasonable attorney's fees, expenses and costs incurred, as proved to
20  the satisfaction of the Court, and such judgment may be entered, enforced and collected in the same
21  manner as a judgment to recover in the event of a default, as set forth above.

22      46.     Defendants agree that they shall file no action or proceeding, judicial or administrative, nor
23  seek any legal remedy against the United States, its agencies, officers, or employees, in order to assert
24  that the U.S. Forest Service has violated the Conservation Easement Deed by refusing to grant to
25  defendants or any other person approval to engage in a particular use of the Subject Parcel until the total
26  amount of damages, including any additional sums owed due to late payments, as well as any and all
27  accrued interest, and any supplemental attorney's fees, costs and expenses owed to the United States,
28  have been paid in full by defendants.  The applicable statute of limitations on any such claim or cause of

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 18
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1    action by defendants shall not be tolled during the time that defendants are precluded from filing an

2    action or legal proceeding under this paragraph. Nothing in this paragraph shall be construed to be an

3    admission or concession by the United States that subject matter jurisdiction exists for such an action or

4    proceeding against the United States. Further, nothing in this paragraph shall be construed as a waiver

5    of any defense that the United States may have to such an action or proceeding, including, but not

6    limited to a defense that any such claim is time-barred.

7                           D. <u>RESTORATION AND MITIGATION</u>

8         47.    Defendants shall be required to restore and mitigate injury caused to the Subject Parcel and

9    adjoining National Forest System land in accordance with the terms of a mitigation plan which will be

10   developed as set forth herein. Mitigation shall encompass resource damage caused in the following

11   areas of the Subject Parcel and adjoining National Forest System land: (1) the Social Garden; (2) the

12   road from the Social Garden to the Columbia River; (3) the cross-canyon road, spur road, associated

13   wetlands and perennial stream; (4) all zipline corridors and landings.

14        *i.    Plan Development*

15        48.    By no later than three months from the date of approval of an independent contractor by the

16   U.S. Forest Service and the U.S. Army Corps of Engineers, as set forth below, defendants shall submit a

17   detailed mitigation plan to the U.S. Forest Service and the U.S. Army Corps of Engineers. The

18   mitigation plan must be prepared by an independent contractor who is qualified by education, training

19   and experience to prepare such plans. The independent contractor shall be selected by defendants,

20   subject to approval of the U.S. Forest Service and the U.S. Army Corps of Engineers. Defendants shall

21   submit the name and qualifications of the proposed independent contractor to the U.S. Forest Service

22   and the U.S. Army Corps of Engineers no later than one (1) month after the date of entry of this Consent

23   Decree. In particular, the independent contractor should have demonstrated experience in the

24   development of plans for the remediation of damage to wetlands and streams, as well as having

25   knowledge and experience in reforestation, remediation of road damage and factors affecting soil

26   stability. The independent contractor must not be related to defendants nor may the independent

27   contractor be someone who has had a prior knowledge of or business dealings with any of the

28   defendants. The independent contractor shall consult with defendants and with designated

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 19
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1 │ representatives of the U.S. Forest Service and the U.S. Army Corps of Engineers in the development of

2 │ the mitigation plan including, but not limited to, defining the goals and objectives of the plan as well as

3 │ the specific actions necessary to accomplish those goals and objectives.  The independent contractor

4 │ may also consult with other qualified specialists as necessary in devising the plan.  Defendants shall be

5 │ solely responsible for compensation of the independent contractor at a rate to be determined

6 │ independently by defendants and the independent contractor.

7 │     49.    The mitigation plan must, among other things, set forth the overall objectives of the

8 │ mitigation to be accomplished, the specific actions that will be required to meet the objectives, the

9 │ specific permits and authorizations required to carry out those actions, identifiable metrics for

10 │ determining the successful completion of the specific actions, a timetable for achieving milestones, post-

11 │ completion monitoring, and an identification of the type or types of contractors, equipment, materials

12 │ and personnel necessary, along with equipment time estimates to complete the specific actions identified

13 │ in the mitigation plan.

14 │     50.    At a minimum, the mitigation plan must encompass the following objectives:

15 │     a.    The Social Garden will be replanted with fruit trees.

16 │     b.    The area immediately surrounding the Social Garden, between the area identified and

17 │ marked as the "Approximate Limits of Cleared Area in the Vicinity of 'Social Garden' Based on Field

18 │ Observations April 2012," and the area identified as "Approximate Limits of Cleared Area in the

19 │ vicinity of the 'Social Garden' based on 2005 aerial Photo from USGS" on Figure 5 shall be restored to

20 │ its natural condition by planting native trees and foliage on or near the crest of slopes and in cleared

21 │ areas around the Social Garden with particular emphasis being placed on addressing soil and erosion

22 │ stabilization and mitigating drainage problems identified by the independent contractor in the mitigation

23 │ plan.

24 │     c.    The road from the Social Garden to the river shall be decommissioned.  The

25 │ decommissioning shall include the remediation and stabilization of cut banks and fill slopes, mitigation

26 │ of erosion and drainage problems, and augmentation of infiltration on the road surface.  In addition,

27 │ natural drainage patterns shall be reestablished and native trees and foliage shall be replanted.

28 │     d.    The cross-canyon road and spur road shall be decommissioned.  The decommissioning shall

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 20
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   include removal of fill, restoration of fully functional wetlands, removal of the culvert from the

2   perennial stream and full restoration of stream function.  There shall also be a remediation and

3   stabilization of cut banks and fill slopes, erosion and drainage problems shall be mitigated, natural

4   drainage patterns shall be reestablished, infiltration on the road surface shall be increased, and native

5   trees and foliage shall be replanted.

6          e.      All cables, platforms, other hardware, and attaching devices to and around standing trees on

7   the Subject Parcel shall be removed, and all necessary measures shall be taken in, on, and around the

8   impacted trees to protect the long-term health of trees to which such cables, platforms, hardware and

9   devices were attached, along with those trees which suffered others kind of injury, such as limbing, from

10  defendants' zipline operation and suspension bridge.

11         f.      All areas used for landings or otherwise affected by defendants' ziplines and suspension

12  bridge shall be restored to natural conditions, including any pathways to and from those areas, which

13  shall include the removal of all log crib stairways and pathways and stabilization of slopes where trails

14  and pathways were constructed, and the replanting of native trees and foliage.

15         g.      All areas cleared by defendants as and for corridors for ziplines shall be replanted with

16  native trees and foliage.

17         h.      Invasive species shall be removed and eliminated from the Subject Parcel and the adjoining

18  National Forest System land in proximity to any of the areas described above where soil disturbance was

19  caused by any of defendants' activities.

20         51.     Before the mitigation plan can go into effect, a final version of the mitigation plan must be

21  submitted for review and approval by authorized representatives of the U.S. Forest Service and the

22  U.S. Army Corps of Engineers.  If either of those representatives conclude that the mitigation plan as

23  drafted does not satisfactorily address the mitigation goals set forth above, it shall be returned to the

24  independent contractor to revise the plan within a specific time to address the identified concerns and

25  then be resubmitted for review and approval.

26         ii.     *Plan Execution*

27         52.     Defendants, current or former employees of the defendants, or relatives of the defendants

28  shall not be allowed to perform work or to direct the performance of work specified in the mitigation

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 21
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1   plan, except that defendants may, at their own risk, remove hardware and cables.

2       53.    Defendants will hire a qualified specialist suitable to and approved by an authorized

3   representative of the U.S. Forest Service and the U.S. Army Corps of Engineers to carry out the

4   mitigation plan and to oversee all aspects of the restoration work.  The qualified specialist should have

5   demonstrated knowledge and experience in the remediation of damage to wetlands and streams,

6   reforestation, remediation of road damage and slope stabilization.  The qualified specialist will be the

7   primary point of contact with the U.S. Forest Service and the U.S. Army Corps of Engineers with

8   respect to the execution of the mitigation plan.  Defendants shall be solely responsible for the

9   compensation of the qualified specialist at a rate agreed to between the qualified specialist and

10  defendants.

11      54.    The qualified specialist will be responsible for providing the U.S. Forest Service and the

12  U.S. Army Corps of Engineers with a quarterly progress report identifying the activities in advancement

13  of the mitigation plan that occurred during the preceding quarter and the activities in advancement of the

14  mitigation plan that are expected to be accomplished in the next quarter.  In addition, if expected

15  mitigation activities were not accomplished during the preceding quarter, the qualified specialist shall

16  state the reason or reasons for the inability to meet anticipated objectives.

17      55.    If at any time the U.S. Forest Service or the U.S. Army Corps of Engineers determine that

18  the qualified specialist is not fulfilling the objectives of the mitigation plan in a timely or acceptable

19  manner, the U.S. Forest Service or the U.S. Army Corps of Engineers may require defendants to replace

20  the qualified specialist with another qualified specialist who meets the criteria set forth in Paragraph 53

21  and who is approved by an authorized representative of the U.S. Forest Service and the U.S. Army

22  Corps of Engineers.

23      56.    The qualified specialist shall have the authority to retain contractors on defendants' behalf to

24  carry out the mitigation plan.  The qualified specialist will propose contractors to the U.S. Forest Service

25  and the U.S. Army Corps of Engineers.  The proposed contractors may be rejected for any reason.  The

26  Forest Service shall have 10 business days from the date it receives the name of a proposed contractor

27  from the qualified specialist to accept or reject the contractor.  The Forest Service shall have an

28  additional five business days to accept or reject a contractor upon providing oral or written notice to the

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 22
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

qualified specialist. Should the U.S. Forest Service or the U.S. Army Corps of Engineers decline to approve any of the contractors proposed by the qualified specialist, the qualified specialist may select and hire a contractor from a list provided by U.S. Forest Service and the U.S. Army Corps of Engineers. Compensation of the contractors retained by the qualified specialist on defendants' behalf shall be solely the responsibility of defendants.

57.     Defendants shall furnish proof of insurance, such as a certificate of insurance, to the Forest Service prior to the initiation of mitigation and restoration work and each year thereafter until the mitigation plan has been fully implemented as determined by the U.S. Forest Service. Defendants shall require and obtain the same from all contractors hired by defendants for all aspects of the restoration work. The Forest Service reserves the right to review and approve any insurance policy prior to issuance. Exclusions listed on the Certificate of Insurance shall not include any of the activities covered under the Consent Decree. Defendants shall send an authenticated copy of any insurance policy obtained pursuant to this clause to the Forest Service immediately upon issuance of the policy. Any insurance policy obtained by defendants pursuant to this clause shall name the United States Government as an additional insured, and the additional insured provision shall provide for insurance coverage for the United States as required under this clause. In the certificate holder box, United States Government c/o USDA Forest Service shall be listed. Such policies also shall specify that the insurance company shall give 30 days prior written notice to the Forest Service of cancellation of or any modification to the policy. The required minimum coverage shall be $1,000,000 Combined Single Limit covering losses associated with all restoration work required by this Consent Decree arising from personal injury or death and third party property damage. Minimum amounts of coverage and other insurance requirements may be reviewed and revised annually at the sole discretion of the U.S. Forest Service. The following additional insured clauses shall appear verbatim on the face of the Certificate of Insurance or Binder and as a clause or an endorsement in the insurance policy:

"It is understood and agreed that the United States Government is additional insured solely as respects liability arising from operations of the named insured."

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND COLUMBIA PACIFIC ENTERPRISES, INC. - 23 (Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

"It is understood and agreed that the coverage under this policy will not be changed or its provisions changed or deleted before thirty (30) days written notice to the:

United States Government,
c/o Columbia River Gorge National Scenic Area
902 Wasco, Suite 200
Hood River, OR 97031
ATTN: Pam Campbell"

58.   Defendants will obtain all necessary federal, state and local permit(s) and authorizations for performance of all work specified in the mitigation plan.  All requirements specified in said permit(s) must be complied with during implementation of all mitigation work.

59.   Defendants shall protect, in place, all public land survey monuments, private property corners, and Forest boundary markers.  In the event that any such land markers or monuments are destroyed in the exercise of the requirements of the Consent Decree, depending on the type of monument destroyed, defendants shall see that they are reestablished or referenced in accordance with the specifications of the Forest Service at defendants' expense.  Further, defendants shall cause such official survey records as are affected to be amended as provided by law.

60.   Until such time as the mitigation plan is fully and finally executed, authorized representatives of the U.S. Forest Service and the U.S. Army Corps of Engineers may enter and inspect open areas of the Subject Parcel without prior announcement or permission during normal business hours.

61.   If monitoring, as specified in the Mitigation Plan, indicates further action is needed within five (5) years of completion of the restoration work, defendants agree to complete the necessary work as approved by authorized representatives of the U.S. Forest Service and the U.S. Army Corps of Engineers.  All work must be completed by a qualified specialist approved by the U.S. Forest Service and the U.S. Army Corps of Engineers.

62.   Defendants hereby stipulate and agree that they shall make no request to an authorized representative of the U.S. Forest Service under Part III, Paragraph B of the Conservation Easement Deed until all mitigation has been completed under this Consent Decree to the full satisfaction of the U.S. Forest Service.  Until such time, it is understood and agreed by and between the parties that the

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 24
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  authorized representative of the U.S. Forest Service may deny or summarily refuse to consider or act

2  upon such request.

3                  VI.  STIPULATED PENALTIES AND ENFORCEMENT OF DECREE

4       63.  Unless excused by the provisions of Section VII (Force Majeure) below, defendants shall

5  incur the following stipulated penalties for failure to comply with any requirement of this Consent

6  Decree.  Non-compliance with the Consent Decree shall include, but not be limited to, the failure to

7  make timely payment of sums due and owing to the independent contractor, the qualified specialist, or

8  any person or entity who has provided or is anticipated to provide equipment, materials or labor

9  necessary to carry out the mitigation plan.  However, this provision shall not apply to any refusal by

10  defendants to pay an independent contractor or other person on the basis of a certification by the

11  Qualified Specialist that a certain billed or billable amount should not be paid because of a failure of the

12  independent contractor or other person to provide the materials or service as agreed.  The stipulated

13  penalties shall be paid within five (5) days of the day of non-compliance.

14          A.  For day 1 up to and including day 30 of non-compliance: $50.00 per day.

15          B.  For day 30 up to and including day 60 of non-compliance: $250.00 per day.

16          C.  For day 60 and beyond of non-compliance:  $500.00 per day.

17  Said civil penalties are non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

18       64.  Non-compliance will be deemed established by the sending of a written notice of the action

19  or inaction determined by the U.S. Forest Service or the U.S. Army Corps of Engineers to be non-

20  compliant within 72 hours of the observance thereof.  Such notice will be sent by regular or certified

21  mail to:

22                        Derek A. Hoyte
            Columbia Pacific Enterprises, Inc.
                   P.O. Box 646

23                   Haiku, Hawaii 96708

24  Defendants may invoke the dispute resolution provisions set forth in Section VIII of this Consent Decree

25  in response to any such determination of non-compliance.  For purpose of calculating the amount of the

26  stipulated penalty, day 1 of non-compliance will be the date that non-compliance commenced, or the

27  date of the written notice, whichever is earlier.

28

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 25
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

65.   Any stipulated penalties incurred under this Consent Decree shall be paid in accordance with instructions provided to defendants by the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington.

66.   In the event that defendants fail to make timely payment of any of the monies due pursuant to this Consent Decree, interest will be charged at the rate of 6% per annum from the time payment is due until the time it is made.

67.   Nothing in this Consent Decree shall be construed to limit any other remedies available to the United States for violations of this Consent Decree, such as the institution of contempt proceedings, or any provisions of law, including 33 U.S.C. § 1364. The stipulated penalties set forth above shall not limit the United States' right to apply to the Court for the maximum civil penalties allowed by the CWA per day of violation of the CWA. Any disputes about the liability of defendants for stipulated penalties that cannot be resolved by the parties hereto shall be resolved by motion to this Court, in accordance with the Dispute Resolution provisions of Section VIII, below.

## VII. FORCE MAJEURE

68.   Defendants shall perform the actions required under this Consent Decree within the time limits set forth or approved herein, or under the mitigation plan which will be prepared pursuant to Section V.D.i. of this Consent Decree unless the performance is prevented or delayed solely by events which constitute a Force Majeure event. A Force Majeure event is defined as any event arising from causes beyond the control of defendants, including their employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period. A delay in obtaining or an inability to obtain a federal, state, or local permit can be a force majure event provided that defendants have acted timely and made a good faith effort to obtain a permit, have timely and fully paid any necessary fee associated with the permit, have timely and thoroughly responded to all requests for information from the permit-issuing agency, and are not otherwise at fault in causing a delay in or denial of the issuance of a permit. A Force Majeure event does not include, inter alia, increased costs of performance, changed economic circumstances, changed labor relations, normal precipitation or climate

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 26
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  events, changed circumstances arising out of the sale, lease or other transfer or conveyance of title or

2  ownership or possession of a site.

3      69.    If defendants believe that a Force Majeure event has affected defendants' ability to perform

4  any action required under this Consent Decree or the mitigation plan, defendants shall notify the United

5  States in writing within ten (10) calendar days after the event by mailing such notice to: (1) the Area

6  Manager, Columbia River Gorge National Scenic Area, U.S. Forest Service; (2) the District Engineer,

7  U.S. Army Corps of Engineers, Seattle District, and (3) the United States Attorney for the Western

8  District of Washington.  Such notice shall identify this Consent Decree by case name and case number

9  and include a discussion of the following:

10             A.    what action has been affected;

11             B.    the specific cause(s) of the delay;

12             C.    the length or estimated duration of the delay; and

13             D.    any measures taken or planned by defendants to prevent or minimize the delay
                    and a schedule for the implementation of such measures.

14
    Defendants may also provide to the United States any additional information that they deem appropriate

15
    to support their conclusion that a Force Majeure event has affected their ability to perform an action

16
    required under this Consent Decree or the mitigation plan.  Failure to provide timely and complete

17
    notification to the United States shall constitute a waiver of any claim of Force Majeure as to the event

18
    in question.

19
        70.    If the United States determines that the conditions constitute a Force Majeure event, then the

20
    deadline for the affected action shall be extended by the amount of time of the delay caused by the Force

21
    Majeure event.  Defendants shall coordinate with the U.S. Forest Service and the U.S. Army Corps of

22
    Engineers to determine when to begin or resume the operations that had been affected by any Force

23
    Majeure event.

24
        71.    If the parties are unable to agree whether the conditions constitute a Force Majeure event, or

25
    whether the length of time for fulfilling the provision of the Consent Decree or mitigation plan at issue

26
    should be extended, any party may seek a resolution of the dispute under the procedures in Section VIII

27
    of this Consent Decree.

28

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 27
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1    72.   Defendants shall bear the burden of proving (1) that the noncompliance at issue was caused

2 by circumstances entirely beyond the control of defendants and any entity controlled by defendants,

3 including their contractors and consultants; (2) that defendants or any entity controlled by defendants

4 could not have foreseen and prevented such noncompliance; and (3) the number of days of

5 noncompliance that were caused by such circumstances.

6                     VIII.  DISPUTE RESOLUTION

7    73.   Any dispute arising under or with respect to this Consent Decree or the mitigation plan shall

8 in the first instance be the subject of informal negotiations among the parties to this Consent Decree for

9 a period of twenty (20) working days from the time notice of the existence of the dispute is given.  The

10 period for negotiations may be extended by written agreement of the parties to this Consent Decree.

11    74.   If a dispute cannot be resolved by informal negotiation under Paragraph 73, above, then the

12 position advanced by the United States shall be considered binding unless, within twenty-one (21) days

13 after the end of the informal negotiations period, defendants file a petition with this Court setting forth

14 the matter in dispute, the efforts made by the parties to resolve it, and defendants' proposed resolution.

15 The United States shall have twenty-one (21) days to file a response to the petition of defendants with an

16 alternative proposal for resolution of the dispute.  In proceedings on any dispute under this paragraph,

17 defendants shall have the burden of showing that their proposal meets the requirements of this Consent

18 Decree and the mitigation plan.

19    75.   The filing of a petition asking the Court to resolve a dispute shall not of itself extend or

20 postpone any obligation of defendants under this Consent Decree or the mitigation plan, but the payment

21 of stipulated penalties with respect to the disputed matter shall be stayed pending resolution of the

22 dispute.  To the extent defendants show that a delay or other noncompliance was due to a force majeure

23 event or otherwise prevail on the disputed issue, stipulated penalties shall be excused.

24    76.   It is understood and agreed by the parties that the purpose of this Consent Decree is to

25 resolve legal causes of action that the United States has against defendants and that defendants are

26 afforded no enforceable rights by this Consent Decree against the United States except as set forth in

27 this Section of the Consent Decree establishing a mechanism limited to the resolution of disputes arising

28 under the express terms of this Consent Decree.  Defendants hereby stipulate and agree, on behalf of

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 28
(Case No. C10-2044BHS)

1 themselves, their successors-in-interest, and anyone acting for them or on their behalf, that they shall not

2 invoke the dispute resolution process set forth in this section of the Consent Decree for the purpose of

3 resolving disputes arising under the terms of the Conservation Easement Deed.  In particular, defendants

4 may not invoke this provision for the purpose of obtaining an interpretation or construction of the terms

5 of the Conservation Easement Deed, nor may defendants invoke this provision to challenge or otherwise

6 seek review of any denial by the U.S. Forest Service of a request by defendants that they be allowed to

7 engage in some activity on or use of the Subject Parcel on grounds that the U.S. Forest Service has

8 unreasonably denied the request.  Defendants hereby stipulate and agree that such denials by the

9 U.S. Forest Service shall be regarded to be final and not subject to challenge or dispute resolution by

10 defendants, their successors-in-interest, or anyone acting for them or on their behalf under any clause or

11 provision of this Consent Decree, and it is hereby further stipulated and agreed that defendants may only

12 challenge such a denial by filing a separate proceeding in a venue of competent jurisdiction.  The parties

13 further stipulate and agree that should defendants or their successors-in-interest, or anyone acting for

14 them or on their behalf, seek to invoke the dispute resolution provisions of this Consent Decree for the

15 purpose of obtaining an interpretation or construction of the terms of the Conservation Easement Deed,

16 or to challenge or otherwise seek review under any clause or provision of this Consent Decree of any

17 denial by the U.S. Forest Service of a request by defendants or their successors-in-interest, or anyone

18 acting for them or on their behalf that they be allowed to engage in some activity on or use the Subject

19 Parcel in some manner on grounds that the U.S. Forest Service has unreasonably denied the request, that

20 the petition should be deemed non-justiciable and should be denied summarily by the Court.  The United

21 States shall have no obligation under the Consent Decree to respond to the petition and may simply

22 inform the Court that such a petition is non justiciable under the Consent Decree and that the Court

23 should deny the petition summarily under the terms of this paragraph.

24                              IX. CONTINUING JURISDICTION OF THE COURT

25       77.     This Court shall retain jurisdiction over this action in order to enforce or modify the Consent

26 Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or

27 appropriate for construction or execution of this Consent Decree.  During the pendency of the Consent

28 Decree, either the United States or defendants may apply to the Court for any relief necessary to

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 29
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1  construe and effectuate the Consent Decree not inconsistent with the terms hereof.  However, the parties

2  stipulate and agree that defendants, their successors-in-interest, or anyone acting for them or on their

3  behalf, may not invoke the Court's jurisdiction under this provision for the purpose of resolving disputes

4  arising under the Conservation Easement Deed, nor to obtain any interpretation or construction of the

5  terms of the Conservation Easement Deed, nor to challenge any denial by the U.S. Forest Service of a

6  request by defendants that they be allowed to engage in some activity on or use of the Subject Parcel on

7  grounds that the U.S. Forest Service has unreasonably denied the request or for any other reason.

8  ## X. MODIFICATION

9  78.  Upon its entry by the Court, this Consent Decree shall have the force and effect of a final

10 judgment.  Any modification of this Consent Decree shall be in writing, and shall not take effect unless

11 signed by the United States and defendants and approved by the Court.

12 ## XI. ATTORNEYS' FEES AND COSTS

13 79.  Except as otherwise specifically provided in this Consent Decree, each party to this Consent

14 Decree shall bear its own costs and attorneys' fees in this action.

15 ## XII. APPEALABILITY

16 80.  This Consent Decree is not appealable by any party.

17 ## XIII. PUBLIC COMMENT

18 81.  Defendants consent to the entry of this Consent Decree without further notice.  The parties

19 acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the

20 United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and

21 comment.  The United States reserves the right to withhold or withdraw its consent to the entry of this

22 Consent Decree if the comments received disclose facts which lead the United States to conclude that

23 the proposed judgment is inappropriate, improper, or inadequate.  Defendants agree not to withdraw

24 from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has

25 notified defendants in writing that it no longer supports entry of the Consent Decree.

26

27

28

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 30
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## XIV.  RECORDATION

82.   A copy of this Consent Decree may be recorded in Skamania County and elsewhere as appropriate.  However, the failure to record this Consent Decree shall not affect its validity.

IT IS SO ORDERED.

DATED this _____ day of _____, 2014.

_____
BENJAMIN N. SETTLE
United States District Judge

**ON BEHALF OF THE UNITED STATES:**

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division

JENNY A. DURKAN
United States Attorney
Western District of Washington

_____          DATED: 2/28/14
BRIAN C. KIPNIS
Assistant United States Attorney

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 31
(Case No. C10-2044BHS)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

1 | ON BEHALF OF DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, L.L.C.,
2 | AND COLUMBIA PACIFIC ENTERPRISES, INC:

3

4 | _____     DATED: __11/12/13__

5 | DEREK HOYTE
  | Defendant

6

7 | TONKON TORP, L.L.P.

8 | _____     DATED: __11/13/13__

9 | EDWIN C. PERRY, OSB No. 843227

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANTS DEREK HOYTE, COLUMBIA CREST PARTNERS, LLC, AND
COLUMBIA PACIFIC ENTERPRISES, INC. - 32
(C10-2044BHS)

UNITED STATES ATTORNEY
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
(206) 553-7970